JS-6

**UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

LEIGH-DAVIS GLASS

     **Plaintiff(s),**

    **v.**

TERESER A. BANKS, et al.

     **Defendant(s).**

_____ )

**CASE NO.** SACV 08-1197 DOC

ORDER DISMISSING PETITION

  Before the Court is a Petition for Writ Of Habeas Corpus filed by Petitioner Leigh-Davis

Glass ("Glass") on October 28, 2008.  To date, Glass has not paid her filing fee and has not

applied to proceed *in forma pauperis*.  Despite these deficiencies, the Court proceeds to address

the Petition and for the following reasons, DISMISSES the Petition.

  On August 28, 2008, this Court dismissed four previously filed Habeas petitions (SACV

07-0236 DOC; SACV 07-1314 DOC; SACV 08-0842 DOC; and SACV 08-0566 DOC) brought

by Glass in various district courts that were ultimately transferred to this Court.  In making its

1  ruling, the Court found that Glass's claims were frivolous and did not warrant proceeding *in*

2  *forma pauperis* or any further response from the government.  Thus, the Court denied Glass's

3  motions to proceed *in forma pauperis* and dismissed her petitions pursuant to Rule 4(b) of the

4  Rules Governing Section 2255 Proceedings for the United States District Courts.

5       In making its August 28 ruling, the Court noted that all four petitions were virtually

6  identical and raised the same 21 claims regarding why Glass should be immediately released.

7  The August 28 ruling addressed why each claim failed to support a basis for Habeas relief.  The

8  Court also noted that Glass's petitions were precluded by her failure to exhaust administrative

9  remedies and the pending direct appeal of her criminal case.  Glass filed a Notice of Appeal to

10  the Ninth Circuit with this Court regarding the Court's August 28 ruling on September 18, 2008.

11      The present Petition again raises the exact same 21 claims for Habeas relief as identified

12  in the four previously denied petitions.  The Court will not reiterate here why those claims fail.

13  The only real change is that the Petition is addressed to the Honorable Judge Margaret M.

14  Morrow.  Glass requests that only Judge Morrow be allowed to rule on the Petition.  However,

15  Glass has no right to choose which district court judge rules on her Petition, and the Petition has

16  been properly assigned to this Court.  Further, to the extent Glass contests this Court's August 28

17  ruling, she has appealed that decision to the Ninth Circuit.  This is the proper course for review,

18  as opposed to searching for another district court judge to rule on the Petition.

19      Finally, the Court notes that in the August 28 ruling, the Court informed Glass that she

20  may refile her claims regarding the conditions at the Victorville facility and her health problems

21  after she has exhausted her administrative remedies and can establish that she has some medical

22  need that is not being met.  The instant Petition does not indicate that Glass has exhausted her

23  administrative remedies.  Instead and as stated previously, Glass merely refiled the exact same

24  Habeas petition that this Court has already dismissed.  Thus, the Court hereby DISMISSES

25  Glass's Petition.

26

27  DATED: March 2, 2009                    _David O. Carter_
                                            _____
                                                 DAVID O. CARTER
28                                          United States District Judge

2